

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CECELIA J. GARRETT | § |
| Plaintiff, | § |
| VS. | § Case No. 4:12CV776 |
| TEXAS DEPARTMENT OF AGING AND DISABILITY SERVICES | § |
| Defendant. | § |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Defendant Texas Department of Aging and Disability Services (DADS) files this Motion to Dismiss for lack of subject matter jurisdiction (Dkt. 5). Cecelia Garrett, the Plaintiff, is deaf. In her complaint, she states that she applied for a caregiver position at the Denton State School. The school provides housing and care for handicapped persons. Ms. Garrett says she was hired by the school but soon encountered placement problems due to her condition. Eventually, she was told that she could not work on the day shift but would have to work at night. She claims that she was forced to accept the position although she had applied and was accepted to work for the day shift. She was told during her initial employment that she would be changed to the day shift. She says that, after contacting her supervisors about a switch to the day shift as promised, she was terminated. She alleges that she filed a charge of discrimination with the EEOC, and less than two weeks after her charge was filed, she was terminated in retaliation.

In this Court, she brings only one count, violation of § 504 of the Rehabilitation Act. DADS has filed a motion to dismiss for lack of subject matter jurisdiction. A Rule 12(b)(1) motion to

dismiss challenges the subject matter jurisdiction of the federal court. *See* FED. R. CIV. P. 12(b)(1). Plaintiffs bear the burden of establishing subject-matter jurisdiction. *Castro v. United States,* 560 F.3d 381, 386 (5th Cir. 2009), *vacated on other grounds,* 608 F.3d 266 (5th Cir. 2010). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir.1998). Under Rule 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *Home Builders Ass'n, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation omitted). Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts. *Ramming v. U.S.,* 281 F.3d 158, 161 (5th Cir. 2001). A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief. *Wagstaff v. United States Dep't of Educ.,* 509 F.3d 661, 663 (5th Cir. 2007).

      The Rehabilitation Act and the ADA both prohibit discrimination against qualified individuals with disabilities; they employ many of the same legal standards and offer the same remedies. *Kemp v. Holder,* 610 F.3d 231, 234 (5th Cir. 2010) (citing *Delano–Pyle v. Victoria Cnty.,* 302 F.3d 567, 574 (5th Cir. 2002)); *see also* 29 U.S.C. § 794(d) (incorporating various ADA standards into section 504); 42 U.S.C. § 12133 (incorporating section 504's remedies into Title II of the ADA). Title II of the ADA applies to public entities, whereas Section 504 of the Rehabilitation Act applies to federally funded programs and activities. *Id.* However, under Section

504, a plaintiff must prove that her exclusion from a program was solely by reason of her disability. 29 U.S.C. § 794(a)

DADS contends that Ms. Garrett has failed to exhaust her administrative remedies in that her claim was made under the ADA and the right to sue letters were authorized only for the ADA claim. DADS contends that her Rehabilitation claim has not been presented to the EEOC. The Court notes that there is no separate box to differentiate between an ADA claim and Rehabilitation Act claim. The only box to be checked is "Disability." She does claim that, because of her deaf disability, she was discriminated against in violation of the ADA. She does not mention the Rehabilitation Act.

Courts are to "construe employment discrimination charges with the 'utmost liberality,' bearing in mind that such charges are generally prepared by laymen untutored in the rules of pleading." *Price v. Sw. Bell Tel. Co.,* 687 F.2d 74, 78 (5th Cir. 1982); *see also Preston v. Tex. Dep't of Family and Protective Servs.,* 222 F. App'x 353, 356 (5th Cir. 2007). To determine whether an allegation in a complaint falls within the scope of a charge filed with the EEOC, a court must "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Pacheco v. Mineta,* 448 F.3d 783, 789 (5th Cir. 2006). The Fifth Circuit has stated that:

> "[courts] must ever be mindful that the provisions of Title VII were not designed for the sophisticated or the cognoscenti, but to protect equality of opportunity among all employees and prospective employees. This protection must be extended to even the most unlettered and unsophisticated."

*Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 463 (5th Cir. 1970); *see also Fed. Exp. Corp. v. Holowecki,* 552 U.S. 389, 400–403, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008) (discussing the "permissive standard" of what constitutes a charge under the ADEA and noting that "[t]he system

must be accessible to individuals who have no detailed knowledge of the relevant statutory mechanisms and agency process"); *Edelman v. Lynchburg College,* 535 U.S. 106, 112–113, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002) (rejecting the argument that a charge is not a charge until the filer satisfies Title VII's oath or affirmation requirement). *See Dixon v. Ashcroft,* 392 F.3d 212, 217 (6th Cir. 2004) ("the facts alleged in the body of the EEOC charge, rather than merely the boxes that are marked on the charge, are the major determinants of the scope of the charge."); *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 168 (7th Cir. 1976) (en banc) (even though charging party only checked box marked "race," the factual allegations in the charge also fairly raised questions of sex discrimination); *Epps v. Phoenix Elem. Sch. Dist.,* 2009 WL 996308, at *3 (D. Ariz. 2009) ("The mere absence of a checked box on [a plaintiff's] EEOC charge ... is not necessarily dispositive of the issue.").

The Court believes that Plaintiff's claims under 504 withstand DADS' jurisdictional challenge. The Court notes that this suit was filed more than ninety days after the right to sue letter. However, that is a matter of limitations and not jurisdiction. *Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999). The Court does not grasp DADS' argument as to supplemental jurisdiction. The Court has original jurisdiction over this claim. The Court finds that Plaintiff did exhaust her administrative remedies as to filing her EEOC complaints. Whether she is subject to limitations or other issues such as *res judicata*, preclusion, or the like, is not the appropriate matter for a jurisdictional challenge. Although *res judicata* may be considered in the context of a 12(b)(6) motion in limited circumstances, the Court declines to do so in a 12(b)(1) context. *See Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854 (5th Cir. 1952). Neither should the Court should apply the *Younger* abstention doctrine. Although not all the pleadings are before the Court, it appears that in

regard to the State's plea to the jurisdiction in state court, the Rehabilitation Act claim was dismissed because it was filed in state court not federal court. *See Wion v. Thayler*, 2010 WL 464497 (Tex. App. Waco- 2010 , no pet). Such does implicate the application of the *Younger* abstention doctrine.

### RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that Defendant Texas Department of Aging and Disability Services' Federal Rule of Civil Procedure 12(b)(1) Motion to Dismiss (Dkt. 5) be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 18th day of June, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE